**6**

Scott E. Blakeley (State Bar No. 141418)
E-Mail: SEB@BlakeleyLLP.com
Ronald A. Clifford (State Bar No. 246542)
E-Mail: RClifford@BlakeleyLLP.com
BLAKELEY & BLAKELEY LLP
2 Park Plaza, Suite 400
Irvine, California 92614
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

Proposed Counsel for the
Official Committee of Unsecured Creditors of
South Lakes Dairy Farm

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>SOUTH LAKES DAIRY FARM,<br><br>a California general partnership,<br><br><br><br>Debtor-in-Possession. | Case No.: 12-17458-B-11<br><br>Chapter 11<br><br>DCN: RAC-1<br><br>**APPLICATION FOR AUTHORIZATION TO EMPLOY BLAKELEY & BLAKELEY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br><u>Hearing Date, Time and Location:</u><br>Date:  October 25, 2012<br>Time:  9:00 a.m.<br>Place:  Bankruptcy Court, Dept. B<br>           2500 Tulare Street, 5th Floor<br>           Fresno, CA<br>Judge:  Hon. W. Richard Lee |

---

**APPLICATION FOR AUTHORIZATION TO EMPLOY BLAKELEY & BLAKELEY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

1

The Official Committee of Unsecured Creditors (the "Committee") of South Lakes Dairy Farm, a California general partnership (the "Debtor"), hereby requests authority to employ Blakeley & Blakeley LLP ("B&B") as Counsel herein, and in support of the application respectfully represents as follow:

1. This application is made pursuant to Bankruptcy Code section 328, Bankruptcy Rules 2014, 2016 and 5002, and the Guidelines of the Office of the United States Trustee (the "OUST").

## BACKGROUND

1. On August 30, 2012, the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On September 18, 2012, the OUST appointed the Committee in the above-referenced case pursuant to section 1102(a)(1) of the Bankruptcy Code.

3. The Committee convened a meeting on September 21, 2012, whereat B&B was selected by the Committee to serve as its counsel. The Committee requests that the Court approve the employment of B&B as counsel to the Committee as of September 21, 2012.

## DISINTERESTEDNESS

4. The Committee has been informed by B&B, after B&B performed a conflicts check, that neither B&B nor the professionals employed by B&B: (a) hold or represent any interest adverse to the Debtor, any creditors, or this Chapter 11 case that would impair B&B's ability to objectively perform professional services for the Committee, in accordance with Section 327 of the Bankruptcy Code; or (b) have any connection with creditors or other parties-in-interest relating to the Debtor or this Chapter 11 case. Further, there are no amounts due to B&B from the Debtor on account of any prepetition services rendered.

5. Pursuant to Local Bankruptcy Rule 2012-1 and Fed. R. Bankr. P. 2014(a), neither B&B nor the professionals employed by B&B have any connections with the Debtor, creditors, or any party-in-interest, their respective attorneys, accountants, or the OUST, or any employee of the OUST.

## SERVICES TO BE RENDERED

6. Scott E. Blakeley and Ronald A. Clifford of B&B will be primarily advising and

**APPLICATION FOR AUTHORIZATION TO EMPLOY BLAKELEY & BLAKELEY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

2

representing the Committee and are experienced in matters of this type, and the Committee believes they are qualified to represent its interests in this matter. Attached as Exhibit "A" to the Declaration of Ronald A. Clifford in Support of the Committee's Application to Employ B&B (the "Clifford Declaration") is a resume of the professionals of B&B.

   7. The professional services that B&B may render to the Committee include, but are not limited to:

   a. Assisting the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business, including the formulation of a plan of reorganization;

   b. Advising the Committee as to its duties and powers;

   c. Appearing on behalf of the Committee at all meetings required under the guidelines of the OUST;

   d. Assisting the Committee with respect to the legal ramifications of any proposed financing or refinancing of real or personal property;

   e. Advising the Committee regarding its rights and duties in connection with leases and other agreements;

   f. Preparing on behalf of the Committee necessary applications, answers, orders, reports and other legal papers;

   g. Assisting the Committee in complying with the requirements of the OUST;

   h. Negotiating with holders of unsecured claims and to file objections to such claims, if necessary;

   i. Assisting the Committee in preparing and presenting to the Court a disclosure statement and plan of reorganization;

   j. Obtaining, if appropriate and subject to Court approval, confirmation of a plan of reorganization; and

   k. Performing such other legal services as may be required in the interests of the creditors.  Such services may include, if requested, prosecuting avoidance, preference and other recovery actions on behalf of the estate.

**COMPENSATION**

8.    The Committee is informed that B&B has not agreed to share any compensation for services rendered or to be rendered in any capacity in connection with this case between B&B and any other entity, except among B&B personnel.

9.    B&B's charges for its professional services are based upon the time and labor required, the difficulty of the issues involved the skill requisite to perform the legal service properly, the preclusion of other employment, time limitations imposed by the circumstances and the experience and ability of B&B.

10.    The Committee seeks to employ B&B on an hourly basis and B&B has not received a retainer in this matter.

11.    B&B will file interim fee applications on a quarterly basis with the Court in conformity with Bankruptcy Code section 330 and understands that allowance of the fees and expenses paid will be subject to the approval of the Court of the interim and final fee applications.

12.    At the conclusion of the case, B&B will file an application seeking final allowance of all fees and expenses, regardless of whether interim compensation has been paid to B&B. Upon allowance of such fees and costs, the Debtor will pay B&B the difference between the amounts allowed and any interim compensation paid to B&B.

13.    The Committee and B&B understand and agree that the proposed compensation arrangement will be subject to the provisions section 330 of the Bankruptcy Code, which authorizes this Court to allow compensation different from what is provided herein if the fee arrangement provided herein appears, in retrospect, to have been improvident in light of developments unanticipated at the outset of the case. B&B understands and agrees that, if aggregate interim payments made to B&B exceed the amount that is ultimately allowed to B&B, B&B will be required to, and will, promptly repay to the Debtor such difference.

14.    The following schedule sets forth the customary hourly rates charged by B&B prevailing as of the date of this Application, which rates may be adjusted annually from time to time:

<u>Professional</u>                                                                                                                <u>Hourly Rate</u>

| | | |
|---|---|---|
| 1 | Scott E. Blakeley | $495 |
| 2 | Bradley D. Blakeley | $395 |
| 3 | Ronald A. Clifford | $295 |
| 4 | Peter M. Sweeney | $295 |
| 5 | Other Associates | $245 |
| 6 | Law Clerk(s) | $145 |
| 7 | Paralegal(s) | $145 |

8  15. The professional services that B&B renders on behalf of the Committee shall be
9  compensated pursuant to section 330 of the Bankruptcy Code.

10  16. B&B is aware of, and will comply with the provisions contained in the Office of the
11  United States Trustee Guidelines, and as set forth herein, B&B will comply with appropriate Fee
12  and Employment Guidelines.

### CONCLUSION

14  17. The employment of B&B as counsel for the Committee would be in the best interest of
15  the estate for several reasons: (a) B&B has considerable knowledge about the estate; and (b) the
16  Committee believes that the expertise of B&B in bankruptcy, creditors' rights and bankruptcy
17  litigation matters will enable it to aid the Debtor in quickly reorganizing its business affairs and
18  negotiate, propose and confirm a plan of liquidation or reorganization.

19  **WHEREFORE**, the Committee prays that this Court authorize the employment of B&B as
20  its counsel as of September 21, 2012.

21  Dated: September 21, 2012

22  By: _/s/ Lyle W. Ens_
23  Lyle W. Ens
    Chairperson for the Official Committee of
24  Unsecured Creditors of South Lakes Dairy Farm

25  Dated: September 21, 2012    BLAKELEY & BLAKELEY LLP

27  By: _/s/ Ronald A. Clifford_

---

APPLICATION FOR AUTHORIZATION TO EMPLOY BLAKELEY & BLAKELEY LLP AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
5

Scott E. Blakeley
Ronald A. Clifford
Proposed Counsel for the Official Committee of Unsecured Creditors of South Lakes Dairy Farm

**APPLICATION FOR AUTHORIZATION TO EMPLOY BLAKELEY & BLAKELEY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

6